27 F.3d 570
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles SEWELL, Defendant-Appellant.
Charles SEWELL, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 93-1275, 93-1821.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 25, 1994.
Decided May 27, 1994.[1]
 
 Before POSNER, Chief Judge, and EASTERBROOK and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Charles Sewell appeals from the denial of his post-conviction motions[2] (No. 93-1275) and his motion attacking his sentence pursuant to 28 U.S.C. Sec. 2255 (No. 93-1821).
 
 
 2
 Sewell pled guilty to using and carrying a gun in connection with a drug offense in violation of 18 U.S.C. Sec. 924(c). If a petitioner has failed to bring a claim on direct appeal, he is barred from raising the claim in a Sec. 2255 proceeding unless he can establish both cause and prejudice for failure to do so. United States v. Frady, 456 U.S. 152, 168, 102 S.Ct. 1584 (1981); United States v. Frank, 914 F.2d 828, 834 n. 12 (7th Cir.1990). Sewell argues that ineffective assistance of counsel, Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052 (1984), constitutes cause for the procedural default. In support he argues that counsel failed to show he was improperly charged under 18 U.S.C. Sec. 922. However, those charges were dismissed pursuant to the guilty plea. Sewell also contends that his attorney promised him only four months' imprisonment if he would plead guilty. There is no evidence presented to support this contention. Indeed, during the guilty plea hearing, Sewell was informed of the mandatory five-year sentence and Sewell stated that he had not been made any promises in exchange for the guilty plea. Consequently, Sewell has failed to show cause or prejudice.
 
 
 3
 Moreover, these issues should have been raised earlier, see Rule 9(b) of the Rules Governing Sec. 2255 Proceedings, and we find nothing in the record indicating a "miscarriage of justice" has occurred. Sawyer v. Whitley, 112 S.Ct. 2514, 2519, 120 L.Ed.2d 269 (1992). The succession of Sec. 2255 petitions is an abuse of the writ. Rule 9(b); Sanders v. United States, 373 U.S. 1, 14 (1963).
 
 
 4
 Sewell also argues that the gun and PCP found by the police should have been suppressed. This argument was addressed on direct appeal, United States v. Sewell, 942 F.2d 1209 (7th Cir.1991), cert. denied, 112 S.Ct. 1567 (1992), and will not be addressed again in a Sec. 2255 petition. Davis v. United States, 417 U.S. 333, 342 (1974).
 
 
 5
 For these reasons, the judgments of the district court are AFFIRMED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and record
 
 
 [2]
 On January 12, 1993, the district court denied Sewell's post-conviction motion for dismissal of defective indictment, motion for de novo review, motion for summary judgment, motion for order of default, and motion for release pending appeal